■ In the Matter of the Claim of HARRY HAKAM, Respondent, v. HERMAN H. SCHWARTZ, INC., et al., Appellants, and TEMON BROTHERS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 10, 1971, which discharged the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. In 1963 claimant sustained a myocardial infarction which was compensible and resulted in a finding of a permanent partial disability. On February 13, 1968, while working as an electrician for appellant employer, claimant suffered another myocardial infarction and was awarded compensation. The employer of claimant sought reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. A hearing was held on July 16, 1970 on the question of the employer's prior knowledge of claimant's pre-existing permanent physical impairment. The Referee discharged the Special Disability Fund from liability and upon appeal the board affirmed by a 2–1 vote. The testimony established that shortly after claimant started work he told his subforeman that he had had a heart attack and that he had "to take care of himself". The subforeman testified that he presumed claimant's condition was permanent because of what claimant told him and due to his own experience and knowledge. He also testified that claimant worked well and never asked for special privileges. This subforeman admittedly did not have the right to hire or fire. In *Matter of Bellucci* v. *Tip Top Farms* (24 N Y 2d 416), the Court of Appeals held that in order to be reimbursed there must be a permanent physical impairment existing prior to the commencement of employment, and that the employer must hire or continue in employment a worker with knowledge of the impairment and a good faith belief of its permanency (24 N Y 2d at 420). A question of fact is presented by the record herein on the issues of knowledge and informed decision by the employer, and the record contains substantial evidence to support the board's findings and decision. Decision affirmed, with costs to the Special Disability Fund. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.